UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | * | CIVIL ACTION NO. 2:09-CV-01158 |
| PLAINTIFF | * | |
| VERSUS | * | JUDGE PATRICIA MINALDI |
| CARLA OIL COMPANY AND RADKE OIL COMPANY | * | MAGISTRATE KATHLEEN KAY |
| DEFENDANTS | * | |

## MOTION, WITH INCORPORATED MEMORANDUM, TO ALTER OR AMEND JUDGMENT

NOW INTO COURT, come Defendants, CARLA OIL COMPANY and RADKE OIL COMPANY, who move this Court to alter or amend the judgment rendered on August 11, 2010, granting summary judgment to the Plaintiff, Mid-Continent Casualty Company. On the grounds that there are claims against the Defendants in the underlying petitions that do not unambiguously fall within policy exclusions, the Plaintiff has a duty to defend the Defendants in the underlying litigation and, therefore, this Court's judgment that the Plaintiff has no duty to defend the Defendants should be altered or amended.

<u>Standard for altering or amending a judgment</u>

This Court granted reconsideration of a summary judgment ruling "to correct an error of law". "District courts have considerable discretion in deciding whether to reopen a case on a motion for reconsideration." *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F.Supp.2d 537, 545-546 (W.D. La. 11/19/01).

The Federal Rules of Civil Procedure provide for a motion to alter or amend a judgment in Rule 59(e). The standard for granting these motions was articulated well by the United States District Court, Southern District of Indiana, in an opinion granting reconsideration of summary judgment:

> "Reconsideration of summary judgment is appropriate 'if there has been a mistake of law or fact.' 'The rule essentially enables a district court to correct its own error, sparing the parties and the appellate courts the burden of unnecessary appellate procedures.'" *Demos v. City of Indianapolis*, 139 F.Supp.2d 1026, 1027 (S.D. Ind. 4/18/01), quoting *Smith v. Apfel,* 1999 WL 410018, at *2 (N.D.Ill. May 27, 1999); *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995).

Thus, to correct a mistake of law and to spare the parties and the appellate courts the burden of unnecessary appellate procedures, Defendants move this Court to reconsider its summary judgment that the Plaintiff has no duty to defend the Defendants.

<u>Evidence that was before the court at the time of the summary judgment hearing and at the time the judgment was rendered</u>

The Plaintiff attached to its motion for summary judgment the petitions in the underlying cases (Exhibits F and I [Document Nos. 54-8 and 54-12] to Plaintiff's motion for summary judgment). At the hearing on Plaintiff's motion for summary judgment, held in Open Court on August 2, 2010, Defendants argued that the petition in the underlying *Dietz* case (Exhibit F [Document No. 54-8] to Plaintiff's motion for summary judgment) contains the following allegations against Defendant Carla Oil Company:

- Negligence related to property damage (Paragraph 30 of the petition);
- Trespass related to property damage (Paragraph 31);
- Failure to warn of property damage (Paragraph 32);
- Strict liability related to property damage (Paragraphs 33-34);
- Lease liability related to property damage (Paragraph 36); and

- Unjust enrichment related to property damage (Paragraph 40).

Also at the hearing on Plaintiff's motion for summary judgment, Defendants argued that the petition in the underlying *Andrepont* case (Exhibit I [Document No. 54-12] to Plaintiff's motion for summary judgment) contains the following similar allegations against Defendant Radke Oil Company:

- Negligence related to property damage (First Cause of Action, Paragraphs 43-48);

- Trespass related to property damage (Second Cause of Action, Paragraphs 49-55); and

- Strict liability related to property damage (Third and Fourth Causes of Action, Paragraphs 56-65).

In addition to attaching the petitions of the underlying litigation to its motion for summary judgment, Plaintiff also attached the subject insurance policies, those being Exhibits A through E (Document Nos. 54-3 through 54-7). As the Plaintiff expressed in its motion for summary judgment, Section I(A)(1)(a) of the policies expresses the following:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result."

Defendants submit to this Court that at least one, if not all, of the aforementioned claims alleging property damage in the underlying petitions do not unambiguously fall within exclusions of the subject policies. Therefore, as expressed further below in the "Law and argument" section, the Plaintiff has a duty to defend the Defendants in the underlying litigation. Thus, this Court's judgment that the Plaintiff has no duty to defend the Defendants should be altered or amended.

<u>Law and argument</u>

In a United States Court of Appeals, Fifth Circuit case arising out of this Court, the Fifth Circuit set forth the guidelines for determining the duty to defend:

> "The duty to defend analysis begins with an examination of whether any of the facts pleaded in the complaint possibly fall within matters covered under the insuring clause. The insured bears the burden on this point. If claims potentially covered under the insuring clause are pled, the insurer then has the burden of proving that the complaint states only facts that fall within an exclusion from coverage. To prevail, the insurer must show that the allegations in the complaint unambiguously fall within one of the exclusionary clauses.
>
> "Under Louisiana's 'Eight Corners Rule,' we must assess whether there is a duty to defend by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence. The insurer has a duty to defend unless the allegations in the complaint as applied to the policy unambiguously preclude coverage. Moreover, an insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy.
>
> "The allegations of the complaint are liberally interpreted in determining whether they set forth grounds that bring the claim within the scope of the insurer's duty to defend. At the same time, any ambiguity in an insurance policy is construed against the insurer.
>
> "As mentioned above, the test of a liability insurer's duty to defend is not whether the allegations unambiguously fall within coverage but, rather, whether the allegations do not unambiguously prevent a conclusion that coverage could exist." *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 872-873 (5th Cir. La. 11/19/09).

Applying *Wellons*, the Defendants, the insureds, bear their burden by asserting that at least one, if not all, of the aforementioned property damage claims of negligence, trespass, failure to warn, strict liability and lease liability "fall within matters covered under the insuring clause." *Id*. at 872. If <u>any</u> of these claims are "potentially covered under the insuring clause", then the Plaintiff, the insurer, "has the burden of proving that the complaint states only facts that fall within an exclusion from coverage. To prevail, the insurer must show that the allegations in the complaint unambiguously fall within one of the exclusionary clauses." *Id*. It is on this basis,

to shift the burden to the Plaintiff to show that the aforementioned claims unambiguously fall within the exclusionary clauses, that the Defendants move this Court to reconsider its summary judgment. If the Plaintiff cannot meet this burden, then an alteration or amendment of the summary judgment is proper.

## Conclusion

The Defendants, insureds Carla Oil Company and Radke Oil Company, reiterate arguments they made at the hearing of the motion for summary judgment filed by the Plaintiff, Mid-Continent Casualty Company, the Defendants' insurer. The Defendants properly rely on evidence that was before this Court prior to and at the hearing. The Defendants move this Court to reconsider its summary judgment in order for the Plaintiff show that **all** of the underlying claims of negligence, trespass, failure to warn, strict liability and lease liability unambiguously fall within at least one of the exclusionary clauses of the subject policies. If the Plaintiff cannot meet this burden, then it is proper for this Court to alter or amend its summary judgment that the Plaintiff has no duty to defend the Defendants.

    Respectfully submitted,

    STOCKWELL, SIEVERT, VICCELLIO,
    CLEMENTS & SHADDOCK

_/s/ Paul P. Marks_

**EMMETT C. SOLE (#12250)**
**PAUL P. MARKS (#31249)**
One Lakeside Plaza, 4th Floor (70601)
P. O. Box 2900
Lake Charles, LA 70602
Phone:  (337) 436-9491
Fax:     (337) 493-7209

*Attorneys for Carla Oil Company and Radke Oil Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Motion, with Incorporated Memorandum, to Alter or Amend Judgment, has this day been served on all counsel of record **via e-mail**, unless otherwise noted.

**PLAINTIFF**
Thomas H. Peyton, Esq.
Krebs, Farley & Pelleteri, P.L.L.C.
400 Poydras Street, Suite 2500
New Orleans, LA  70130

Lake Charles, Louisiana, this 30th day of August, 2010.

_____
EMMETT C. SOLE
PAUL P. MARKS