RECEIVED
IN LAKE CHARLES, LA.

NOV - 9 2010

TONY R. MOORE, CLERK
BY _____
            DEPUTY



# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | : | DOCKET NO. 2:09 CV 1158 |
| VS. | : | JUDGE MINALDI |
| CARLA OIL COMPANY and RADKE OIL COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Alter or Amend this Court's earlier Summary Judgment, filed by the defendants Carla Oil Company and Radke Oil Company (collectively "Carla") [doc. 91]. The plaintiff, Mid-Continent Casualty Company ("Mid-Continent") filed an Opposition [doc. 92].

## FACTS

Mid-Continent issued five insurance policies to Carla as the named insured.[1] The policies, which provide commercial general liability coverage to Carla, provide, in part, that:

> [Mid-Continent] will pay those sums that [Carla] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend [Carla] against any "suit" seeking those damages.[2]

---

[1] (1) Policy number CGL-239908, effective October 21, 1997 to October 21, 1998; (2) Policy number CGL 254666, effective October 21, 1998 to October 21, 1999; (3) Policy number 04-GL-000016984, effective October 21, 1999 to October 21, 2000; (4) Policy number 04-GL-000039353, effective October 21, 2000 to October 21, 2001; and (5) Policy number 06-GL-000065809, effective October 21, 2001 to October 21, 2002. Pl.'s Exs. A-E [docs. 54-3 - 54-7].

[2] "Bodily injury" is "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Property damage" means "(a) physical injury to tangible property, including all resulting loss of use of that property" or "(b) loss of use of tangible property that is not physically injured." *Id.*

1

The policies further provide that:

> This insurance applies to "bodily injury" and "property damage" only if:
> (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
> (2)     The "bodily injury" or "property damage" occurs during the policy period.

The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[3]  Each policy contains a "contractual liability" exclusion.  That provision excludes coverage for "'[b]odily injury' or 'property damage' for which [Carla] is obligated to pay damages by reason of the assumption of liability in a contract or agreement."[4]

Carla, in addition, opted to replace the pollution exclusion with an Oil & Gas Endorsement.  This endorsement provides that Mid-Continent "will pay those sums that [Carla] becomes legally obligated to pay because of 'bodily injury' or 'property damage' to which this insurance applies, caused by a 'pollution incident.'"[5]  Pollution incident is defined as "the *sudden and accidental* emission, discharge, release or escape of pollutants into or upon the land, atmosphere or any water course or body of water, provided that such emission discharge release or escape emanates from operations conducted on land and results in 'environmental damages.'"[6]

---

[3] *Id.*

[4] *Id.*

[5]*Id.*

[6] "Environmental damage" is the "injurious presence in or upon land, or the atmosphere, or any water course or body of water of solid, liquid, gaseous or thermal contaminants, irritants or pollutants. *Id.*

In 2007 and 2008, Carla was named as a defendant in lawsuits alleging pollution damages.[7] The causes of action are based on the disposal of oilfield wastes in unlined earthen pits since at least the 1930s, which resulted in property contamination.[8] The complaint, moreover, asserts that the defendants knew of the contamination and concealed it.[9] The failure to remove or remediate the pollution and toxic waste allegedly allowed the pollution to migrate and spread to the soils, surface waters, and groundwaters of the landowner plaintiffs' properties.[10]

Carla tendered its defense of the suits to Mid-Continent, demanding that Mid-Continent defend and indemnify Carla for the claims made against it. Mid-Continent agreed to defend Carla under a complete reservation of rights.[11] Mid-Continent then filed a complaint for declaratory judgment in this Court, seeking a declaration that it does not owe a defense or indemnification to Carla in the underlying litigation.

On May 24, 2010, Carla filed a motion for partial summary judgment [doc. 39]. Less than one month later, Mid-Continent filed a motion for summary judgment, requesting this Court to hold that Mid-Continent, as a matter of law, does not owe a defense or indemnification to Carla in the underlying litigation [doc. 54]. This Court conducted a hearing on August 2, 2010 and issued an order in open court denying Carla's motion for partial summary judgment and

---

[7] The underlying litigation is pending in the 15th Judicial District Court, Acadia Parish (*Fernen Lois Andrepont, et al v. Chevron U.S.A., et al*, No. 2008-10045 and *Renee Christine Dietz, et al v. Superior Oil Co., et al*, No. 86739).

[8] Pl.'s Exs. F, ¶¶ 6-29 & I, ¶¶ 33-42.

[9] Pl.'s Exs. F, ¶¶ 6-29 & I, ¶¶ 33-42.

[10] Pl.'s Exs. F, ¶¶ 6-29 & I, ¶¶ 33-42.

[11] Pl.'s Exs. L & M [docs. 54-15 & 54-16].

3

granting Mid-Continent's motion for summary judgment. Less than two weeks later, this Court signed a judgment for that order.[12]

## STANDARD FOR ALTERING OR AMENDING JUDGMENT

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D.La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## ANALYSIS

Carla requests this Court to reconsider its earlier judgment, which held that Mid-Continent did not have a duty to defend or indemnify the plaintiffs. It is unclear what Carla asserts in its Motion. They have presented no new evidence, and have merely directed this Court

---

[12] J. Granting Mot. Summ. J. Aug. 11, 2010.

to *Martco Limited Partnership v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009), which holds

that the duty of indemnification and duty to defend are two separate inquiries.  The insured,

furthermore, bears the burden of proof to establish a duty to defend.  *Id.*  Of note, the Fifth

Circuit found in *Wellons* that "[t]he duty to defend analysis begins with an examination of

whether any of the *facts* pleaded in the complaint possibly fall within matters covered under the

insuring clause." *Id.* (emphasis added).

  In its brief supporting the Motion to Alter or Amend this Court's judgment, Carla does

not direct this Court to any factual allegations in the complaint.  Instead, it makes the same

arguments it asserted at the summary judgment stage, directing this Court to six distinct claims in

the underlying *Dietz* case and three distinct claims in the *Andrepont* case.  These distinct claims

are not factual allegations.[13]  To establish that this Court committed an error of fact, Carla must

direct this Court to the relevant factual allegations in the pleadings.  As noted earlier, Rule 59(e)

motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

  Carla, furthermore, does not appear to allege that this Court made an error of law; it only

directs this Court to relevant case law.  Carla does not allege that this Court failed to consider the

indemnification and defense issues separately.  Once again, it merely relies on the distinct claims

asserted in the underlying cases, failing to direct this Court to any factual allegations that could

even lead to an inference that this Court improperly analyzed the duty to defend.  By failing to

raise any factual allegations or assert that this Court made an error of law, Carla has not met its

---

[13] The Fifth Circuit noted that factual allegations and distinct claims are two separate and distinct aspects of the complaint. *Wellons*, 588 F.3d at 873.  Only the factual allegations are relevant in the duty to defend inquiry. *See id.*

burden of proof, namely to "clearly establish either a manifest error of law or fact or . . . present newly discovered evidence." *Ross*, 426 F.3d at 763.

      IT IS ORDERED that Carla's Motion to Alter or Amend this Court's judgment is hereby denied.

      Lake Charles, Louisiana, this _9_ day of November 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE